■ In the Matter of JOHN HILPL, as Representative Broker of Alexandria Bay Realty Company, Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. — Petition unanimously granted, without costs, and determination annulled. Memorandum: In this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner seeks review of a determination of the Secretary of State which,

after a hearing, (1) adjudged that petitioner demonstrated untrustworthiness and incompetency, and (2) suspended petitioner's real estate broker's license for 60 days or, alternatively, imposed a $500 fine. In addition, petitioner's license was indefinitely suspended until R. Kemp Realty should obtain full satisfaction of any and all claims had by it against Merlin and Sally Dodge. The charge against petitioner (Real Property Law, § 441-c) was based upon a violation of section 175.8 of the Department of State Regulations (19 NYCRR 175.8), which prohibits a real estate broker from directly negotiating a sale with an owner if the broker knows that the owner has an existing written contract with another broker granting the latter exclusive authority in connection with the property. Our review is limited to ascertaining whether the determination is supported by substantial evidence upon the entire record (*Matter of Purdy v Kreisberg,* 47 NY2d 354). Merlin Dodge and his wife Sally were the owners of a motel in Alexandria Bay. On April 7, 1980 Sally Dodge signed, on behalf of herself and her husband, a brokerage contract granting R. Kemp Realty the exclusive right to sell the property for six months. Merlin Dodge did not sign this contract, but was present when his wife signed it and voiced no objection. The representative of R. Kemp Realty who procured the listing testified that he knew that both owners should sign the brokerage contract but nonetheless he told Sally Dodge that she could sign her husband's name. On April 14, 1980 R. Kemp Realty gave up its exclusive right and agreed to an open listing of the property. The previous day, a sales person employed by petitioner showed the outside, but not the interior, of the motel to a prospective purchaser. The latter, with a copurchaser, made an offer to purchase dated April 19, 1980 and thereafter the sale to them was consummated. The parties do not dispute that when property is jointly owned a valid listing agreement must be signed by all of the owners. Respondent concedes that Sally Dodge was not the agent of Merlin Dodge, but claims that Merlin Dodge is estopped from denying her authority to bind him to the brokerage agreement. The evidence is conclusive, however, that R. Kemp Realty was not misled by Merlin Dodge's silence, nor did it rely thereon. The necessary elements of equitable estoppel are manifestly absent (*La Porto v Village of Philmont,* 39 NY2d 7; *Werking v Amity Estates,* 2 NY2d 43; *Rothschild v Title Guar. & Trust Co.,* 204 NY 458; *Quaglia v Incorporated Vil. of Munsey Park,* 54 AD2d 434, affd 44 NY2d 772). In the absence of a valid exclusive listing agreement between R. Kemp Realty and the owners, there is no basis for a charge of untrustworthiness and incompetency against petitioner. Although unnecessary to our result, it is also noted that the record contains no evidence that petitioner directly negotiated with the Dodges from April 7, 1980 to April 14, 1980, the period in which the claimed exclusive agreement is said to have been in effect (see *Matter of Fitzsimons v Department of State,* 28 NY2d 979). (Article 78 proceeding transferred by order of Supreme Court, Jefferson County, Inglehart, J.) Present — Dillon, P. J., Callahan, Boomer, Moule and Schnepp, JJ.